# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

AMANDA U. AJULUCHUKU,

       Plaintiff,

                                                      Case No. 05-74801

v.                                                    Hon. Gerald E. Rosen

SUN TRUST BANKS INC.,

       Defendant.

_____/

AMANDA U. AJULUCHUKU,

       Plaintiff,

                                                        Case No. 05-74811

v.                                                   Hon. Gerald E. Rosen

BALTIMORE COUNTY POLICE,

       Defendant.

_____/

## ORDER DISMISSING CASES UNDER 28 U.S.C. § 1915(e)(2)(B) AND ENJOINING PLAINTIFF FROM FILING FURTHER COMPLAINTS WITHOUT FIRST OBTAINING LEAVE OF COURT

                      At a session of said Court, held in
                the U.S. Courthouse, Detroit, Michigan
                on       January 4, 2006

                PRESENT:  Honorable Gerald E. Rosen
                                   United States District Judge

     Plaintiff Amanda U. Ajuluchuku commenced the two above-captioned cases in this Court on December 19 and 20, 2005, asserting a variety of federal claims against the two named Defendants. Accompanying Plaintiff's two complaints were applications to

proceed *in forma pauperis,* which the Court has granted. Having reviewed the allegations of Plaintiff's now-filed complaints, the Court finds that these two actions must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous or, alternatively, under § 1915(e)(2)(B)(ii) for failure to state a claim.

To say that Plaintiff is a frequent litigant would be an understatement. As exhaustively detailed in the opinions of other district courts, see, e.g., Ajuluchuku v. Southern New England School of Law, No. 1:05-MI-0251 (N.D. Ga. Nov. 14, 2005), Plaintiff has filed literally hundreds of complaints in federal district courts across the country. In response, the District Courts for the Western District of Washington, the District of Maryland, and the District of Massachusetts (and perhaps others) have issued orders enjoining Plaintiff from filing any further complaints without first obtaining leave of the court. Not surprisingly, given this extensive record of filings, the allegations and claims advanced in the two complaints now pending before this Court have appeared in various of Plaintiff's prior pleadings in other districts. See, e.g., Ajuluchuku v. Baltimore County Police, No. 05-0221 (D. Nev.); Ajuluchuku v. Baltimore County Police, No. 1:05-MI-0275 (N.D. Ga); Ajuluchuku v. Sun Trust Banks Inc., No. 1:05-CV-02908 (N.D. Ga.).[1]

In light of this record, the Court readily concludes that the two above-captioned

---

[1] Notably, Plaintiff failed to disclose the existence of these prior suits — or, indeed, any of her numerous prior filings — in the civil cover sheets accompanying the complaints filed with this Court.

actions must be dismissed.  Under 28 U.S.C. § 1915(e)(2)(B)(i), upon permitting a plaintiff to proceed *in forma pauperis,* the Court nevertheless may "dismiss the case at any time if the court determines that . . . the action . . . is frivolous."  See also Gibson v. R.G. Smith Co., 915 F.2d 260 (6th Cir. 1990).  The Supreme Court has defined a "frivolous" action as one which "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989).  In addition, 28 U.S.C. § 1915(e)(2)(B)(ii) mandates the dismissal of an *in forma pauperis* proceeding if the plaintiff's complaint "fails to state a claim on which relief may be granted."

Plaintiff's two pending cases are subject to dismissal on both of these grounds.  Under well-established principles of *res judicata,* Plaintiff is precluded from relitigating any of the issues resolved against her in any of her numerous prior federal court suits.  See Leach v. Manning, 105 F. Supp.2d 707, 712-13 (E.D. Mich. 2000).  Such is the case here, where Plaintiff previously has advanced the very same claims raised before this Court, and where these claims have been dismissed by one or more federal district courts on such grounds as lack of personal jurisdiction, improper venue, and failure to state a claim.  Moreover, it is evident that the two pending actions are not merely frivolous but vexatious and motivated by improper purposes, in light of the restraining orders entered against Plaintiff in several other districts, and in light of Plaintiff's failure to disclose to this Court either (i) the existence of these orders or (ii) the underlying wave of highly repetitive and frivolous filings that triggered the entry of these orders.  The present cases clearly violate the spirit, if not the letter, of these several restraining orders.

The Court further concludes that it should follow the lead of its fellow district courts and enjoin Plaintiff from commencing any further abusive or vexatious litigation in the Eastern District of Michigan.  As the Sixth Circuit has observed, "[t]here is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."  Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 269 (6th Cir. 1998); see also Ortman v. Thomas, 99 F.3d 807, 811 (6th Cir. 1996) ("[I]t is permissible to require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed.").  Such measures are warranted here as in few other cases, where Plaintiff appears bent upon bringing suit in federal court against any individual or entity that crosses her path, and where her evident response to a restraining order in one district is to commence the filing of an ever-expanding collection of suits in another district.[2]  From the record, it appears that this district is just the latest stop in Plaintiff's cross-country tour of vexatious litigation.[3]  While this Court is powerless to prevent Plaintiff's abusive filings in other districts, it can seek to ensure that her stay in the Eastern District of Michigan is a short one.

Accordingly, NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED,

---

[2]In support of her purported entitlement to bring suit in these various districts, Plaintiff invariably claims to be a resident of the state in which her latest round of complaints were filed. Unless Plaintiff relocates quite frequently, this would appear to be another example of her lack of candor in her statements to this and other federal district courts.

[3]Apart from the two cases assigned to this Court, Plaintiff has filed three additional cases in this District over the past few months that have been assigned to various other judges.  Four of these five cases were filed in a two-day period in December of 2005.

and DECREED that the two above-captioned cases are DISMISSED under 28 U.S.C. § 1915(e)(2)(B).  IT IS FURTHER ORDERED that Plaintiff Amanda U. Ajuluchuku is ENJOINED AND RESTRAINED from filing any new complaints in the United States District Court for the Eastern District of Michigan without first petitioning for and obtaining leave from the presiding judge of this Court.

      SO ORDERED.

                      s/Gerald E. Rosen  
                      Gerald E. Rosen  
                      United States District Judge

Dated: January 4, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 4, 2006, by electronic and/or ordinary mail.

                      s/LaShawn R. Saulsberry  
                      Case Manager